# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.

       Plaintiff,

v

ARNOLD S. WEINTRAUB, ESQ., and
THE WEINTRAUB GROUP, P.L.C.,

       Defendants.

Case No. 2:11-cv-13272-RHC-LJM
Honorable Judge Robert H. Cleland
Magistrate Judge Laurie J. Michelson

| | |
|---|---|
| Blaske & Blaske, P.L.C. | MADDIN, HAUSER, WARTELL, |
| Thomas H. Blaske (P26760) |   ROTH & HELLER, P.C. |
| John F. Turck IV (P67670) | STEVEN M. WOLOCK (P38497) |
| Attorneys for Plaintiff | HARVEY R. HELLER (P27351) |
| 500 South Main Street | Attorneys for Defendants |
| Ann Arbor, MI 48104 | 28400 Northwestern Highway, Third Floor |
| Phone: (734) 747-7055 | Southfield, Michigan 48034 |
| Fax: (734) 747-8932 | Phone: (248) 354-4030 |
| Emails: thb@blaske.com | Fax: (248) 369-6147 |
|        jt4@blaske.com | Email: swolock@maddinhauser.com |
| |        hheller@maddinhauser.com |

## STIPULATED PROTECTIVE ORDER

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, good cause having been shown, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties, and others from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produces (whether voluntarily or pursuant to discovery demands) or filed with this Court:

      1.    The term "Confidential Material" means any document, information or other material, which is produced in the court of this action by a party, a non-party possessing a party's

confidential information, or a non-party governed by this Order, and is designated as "CONFIDENTIAL" under this Order, whether contained in or constituting documents, things, materials, testimony, audio or video recordings, computer disks or data stored in other electronic storage media or devices, or any copy, duplication, extract or summary of any document, information, or other materials so designated. The term "Attorney Eyes Only Confidential Material" shall refer to similar material which is designated as "Attorney Eyes Only Confidential" and with respect to which the designating party has a reasonable belief that disclosure to parties would harm the designating party's proprietary interests.

2. Confidential Material and Attorney Eyes Only Confidential Material shall not be used by any of the parties to this action or by any other person or entity given access thereto in accordance with this Order, except solely for the purpose of prosecuting or defending this action. Confidential Material and Attorney Eyes Only Confidential Material shall not be used for any business, commercial, other litigation, or other purpose whatsoever.

3. If, in the course of this action, a disclosing party discloses information that the disclosing party in good faith contends is "CONFIDENTIAL" or "Attorneys Eyes Only Confidential," that disclosing party may designate such information as such by affixing the label "CONFIDENTIAL" or "Attorney Eyes Only Confidential" to the information. If any Confidential Material or Attorney Eyes Only Confidential Material cannot be labeled, it shall be placed in a sealed envelope or other container that is in turn marked "CONFIDENTIAL" or "Attorney Eyes Only Confidential," or else designated as "CONFIDENTAL" or "Attorney Eyes Only Confidential" in a manner agreed upon by the disclosing and requesting parties.

4. Confidential Material and Attorney Eyes Only Confidential Material disclosed at a deposition shall be designated by a party or by the producing party or entity as Confidential Material or Attorney Eyes Only Confidential Material by indicating on the record at the

deposition, or by informing the parties in writing within thirty (30) days of receipt of the relevant transcript excerpt and/or exhibit, or thirty (30) days after entry of this Order, whichever date is later, that the document or information is Confidential Material or Attorney Eyes Only Confidential Material and subject to the provisions of this Order. The parties shall treat each deposition transcript as Attorney Eyes Only Confidential Material until the above-referenced thirty (30) day period for designation of such transcript as Confidential Material or Attorney Eyes Only Confidential Material has expired, after which time the parties shall honor all designations of Confidential Material or Attorney Eyes Only Confidential Material in such transcript unless the Court orders otherwise. The parties shall exclude from attendance at a deposition, hearing or other proceeding, during such time as Confidential Material or Attorney Eyes Only Confidential Material may be disclosed, any person or entity not entitled to receive such information.

5. When a party or other party or entity produces documents or information of that party or other person or entity for inspection in this action, no marking need be made by the party or entity in advance of the inspection. Upon selection of specified documents or information for copying by a party, the party or other person or entity producing Confidential Material or Attorney Eyes Only Confidential Material of that party or other person or entity shall mark the copies thereof that contain Confidential Material or Attorney Eyes Only Confidential Material at the time the copies are produced. The parties shall treat as "Attorney Eyes Only Confidential" all documents produced for inspection until the copies are produced, after which time the parties shall honor all designations of Confidential Material or Attorney Eyes Only Confidential Material unless the Court orders otherwise or the parties stipulate otherwise.

6. A party to this Order will be given an opportunity to review all documents produced by non-parties that the party, in good faith, believes may contain its confidential

3

information. The party, within thirty (30) days of receiving such documents from the producing non-party, shall designate as Confidential Material or Attorney Eyes Only Confidential Material the documents that it claims contain its confidential information, and such documents shall be treated in accordance with the terms of this Order. The parties shall treat as "Attorney Eyes Only Confidential" all documents produced by a non-party until such thirty (30) day period has expired without any designation. Failure to review and designate the documents in question within thirty (30) days of receipt from the producing non-party shall constitute the party's consent that the documents do not contain Confidential Material. For the purposes of this Order, a party to this action or non-party that designates material as Confidential Material or Attorney Eyes Only Confidential Material under the provisions of this paragraph or otherwise pursuant to this Order shall be considered a "designating party" with respect to the material designated.

7. If a party to this Order inadvertently fails to designate information as "CONFIDENTIAL" or Attorney Eyes Only Confidential," such failure shall not constitute a waiver of the disclosing party's right to so designate such information. In the event that such an inadvertent failure to designate occurs, the disclosing party shall upon discovery of the inadvertent failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until the receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order. However, upon receiving such notification, the receiving party shall request all parties to whom the information was disclosed by the receiving party but who are not permitted to have access to such information under the terms of this Order to return the information to the producing party. The receiving party shall also destroy all copies of the incorrectly labeled information, and if the party to whom the receiving party disclosed the

information is permitted access to such information under this Order, take reasonable steps to replace them with the substitute copies provided by the disclosing party.

8.    The inadvertent production of any privilege or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the disclosing party that materials asserted to be privileged or protected have been inadvertently produced, the receiving party shall promptly return all such material (and any copies that may have been made and shall request the return of said material that may have been distributed) to the producing party within five (5) business days of receipt of such notice.  Nothing stated herein shall limit the right of a party to challenge a claim of privilege or protection made pursuant to this paragraph.

9.    Except with the prior written consent of each designating party, or pursuant to further Order of this Court entered after reasonable written notice and opportunity to each designating party to file objections thereto, Confidential Material shall not be shown, described or otherwise revealed to any person or entity other than the following:

a.  The parties and their subsidiaries, parents, and other affiliates, as well as current or former employees, officers, agents and directors;

b.  Attorneys for the parties in this action;

c.  Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action;

d.  Consultants, testifying experts and their employees with the need to know who have been engaged by outside counsel for a party in this action for the purpose of assisting in this action, but only if: (i) it is necessary to disclose the Confidential Material to them for purpose of this action; (ii) they are not competitors of parties or affiliates of parties; (iii) they are not officers, directors, employees or agents of competitors of parties or affiliates of parties; and (iv) they have signed an agreement in a form of substantially similar to Exhibit A attached hereto;

e.  Deposition court reporters or videographers;

f. Such witnesses as the receiving party shall reasonably determine it is necessary to show such material to for purposes of this case if the witness has signed an agreement in a form substantially similar to Exhibit A attached hereto;

g. The Court, including judicial employees and all other necessary personnel, such as court reporters; and

h. The author, addressee, or any other person identified on the face of the document as a recipient of the specified Confidential Material who would otherwise be entitled to receive same.

10. Except with the prior written consent of each designating party, or pursuant to further Order of this Court entered after reasonable written notice and opportunity to each designating party to file objections thereto, Attorney Eyes Only Confidential Material shall not be shown, described or otherwise revealed to any person or entity other than the following:

a. Attorneys for the parties in this action and Arnold Weintraub;

b. Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action;

c. Consultants, testifying experts and their employees with the need to know who have been engaged by outside counsel for a party in this action for the purpose of assisting in this action, but only if: (i) it is necessary to disclose the Attorney Eyes Only Material to them for purposes of this action; (ii) they are not competitors of parties or affiliates of parties to this action; (iii) they are not current or former employees of parties or their affiliates to this action; (iv) they are not current or former officers, directors, employees or agents of competitors of parties or affiliates of parties to this action; and (v) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;

d. Deposition court reporters and videographers;

e. The Court, including judicial employees and all other necessary personnel, such as court reporters; and

f. The author, addressee, or any other person identified on the face of the document as a recipient of the specified Attorneys Eyes Only Confidential Material who would otherwise be entitled to receive same.

11. Nothing in this Stipulation and Protective Order constitutes a finding or admission that any material designated as CONFIDENTIAL or Attorney Eyes Only Confidential is in fact

confidential or not subject to disclosure. Any party may bring before the Court at any time by motion the question of whether any particular material designated as CONFIDENTIAL does, in fact, contain confidential material or the question of whether this Stipulation and Protective Order should be modified. Any Confidential Material as to which such a motion is made shall continue to be treated as confidential under the terms of this Order until the Court renders a decision or the motion is otherwise resolved. In the event of a challenge to a designation, the burden of establishing the propriety of the designation shall be on the designating party. The burden shall also be on the designating party to show that the danger posed by the disclosure of Confidential Material and Attorney Eyes Only Confidential Material in other litigation cannot be adequately protected by a protective order in that litigation.

12. Nothing in this Order shall prohibit a designating party or entity from disclosing or using its own Confidential Material and no such disclosure or usage shall affect the confidentiality of such Confidential Material. All Confidential Material shall be stored in a secure place.

13. All Confidential Material or Attorney Eyes Only Confidential Material that is filed with the Court or any appellate court, and any pleadings, motions or other papers filed with the Court or any appellate court disclosing any Confidential Material or Attorney Eyes Only Confidential Material, shall be filed under seal as provided under the applicable Local Rules. All such Confidential Material or Attorney Eyes Only Confidential Material so filed shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto.

14. Nothing in the Protective Order shall prevent a party from using any Confidential Material during a hearing or at trial. If any party proposes to use Confidential Material, that party shall give reasonable notice, under the circumstances, to the designating party of such use in order to allow the designative party an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the Confidential Material to be used at the hearing or trial.

15. Designated information shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order.

16. The parties, by entering into this Order, do not waive any applicable privileges, and reserve their right to contest any requests of subpoenas for documents or testimony and to assert such applicable privileges.

17. This Protective Order shall not apply to information that (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order), (ii) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the disclosing party, or (iii) the receiving party establishes that the information was already in its rightful and lawful possession at the time of the disclosure. Nor shall this Protective Order restrict the use or dissemination of a disclosing party's own Confidential Material.

18. Within sixty (120) days of conclusion of this case (including without limitation any appeals), all Confidential Material and Attorney Eyes Only Confidential Material shall be destroyed or returned to counsel for each designating party. The destruction or return of Confidential Material and Attorney Eyes Only Confidential Material under this paragraph shall include, without limitation, all copies, duplications, extracts, and summaries thereof, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the

Court, each deposition transcript together with exhibits marked at the deposition, one copy of each piece of correspondence, and documents constituting attorney work product which were internally generated based upon or which include Confidential Material and Attorney Eyes Only Confidential Material. The parties shall certify in writing to each other that all Confidential Material and Attorney Eyes Only Confidential Material required to be destroyed or returned has been so destroyed or returned within fourteen (14) days of receipt of a written request for such certification by the producing party or entity.

19. If a party in possession of Confidential Material and Attorney Eyes Only Confidential Material receives a subpoena or other request seeking production or other disclosure of the Confidential Material and Attorney Eyes Only Confidential Material, that party shall without delay give written notice to counsel for each designating party, stating the Confidential Material and Attorney Eyes Only Confidential Material sought and the time production or other disclosure is required. The party in possession of said material shall not produce or disclose such material for 14 calendar days from the date that such notice is served on the disclosing party. If the disclosing party objects within said time, production or disclosure shall not be made without either (i) written approval by counsel of reach designating party, or (ii) further order by any court. The party receiving such subpoena or request shall provide reasonable cooperation to the designating party objecting to the subpoena or request.

20. A non-party that is producing documents or other materials related to this action may elect to apply the provisions of this Order to its production.

21. All parties and their attorneys, and all other person and entities possessing or granted access to Confidential Material and Attorney Eyes Only Confidential Material under this Order shall be bound by this Order. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Material and Attorney Eyes Only Confidential

Material under this Order who discloses or uses the Confidential Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

    IT IS SO ORDERED.

Date: 5/3/2012                          <u>S/Robert H. Cleland</u>
                                              Honorable Robert H. Cleland

**I STIPULATE TO THE ENTRY OF THE ORDER SET FORTH ABOVE:**

| | |
|---|---|
| Blaske & Blaske, P.L.C. | MADDIN, HAUSER, WARTELL,<br>  ROTH & HELLER, P.C. |
| By: <u>/S/ John F. Turck IV (P67670)</u><br>Attorneys for Plaintiff<br>500 South Main Street<br>Ann Arbor, MI 48104<br>Phone: (734) 747-7055<br>Fax:    (734) 747-8932<br>Emails: <u>thb@blaske.com</u><br>        <u>jt4@blaske.com</u> | By: <u>/S/ Steven M. Wolock (P38497)</u><br>Attorneys for Defendants<br>28400 Northwestern Highway, Third Floor<br>Southfield, Michigan 48034<br>Phone: (248) 354-4030<br>Fax:    (248) 369-6147<br>Email: <u>swolock@maddinhauser.com</u> |
| Dated April 30, 2012 | Dated: April 30, 2012 |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.

    Plaintiff,

v

ARNOLD S. WEINTRAUB, ESQ., and
THE WEINTRAUB GROUP, P.L.C.,

    Defendants.

Case No. 2:11-cv-13272-RHC-LJM
Honorable Judge Robert H. Cleland
Magistrate Judge Laurie J. Michelson

Blaske & Blaske, P.L.C.
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
Attorneys for Plaintiff
500 South Main Street
Ann Arbor, MI 48104
Phone: (734) 747-7055
Fax: (734) 747-8932
Emails: thb@blaske.com
       jt4@blaske.com

MADDIN, HAUSER, WARTELL,
  ROTH & HELLER, P.C.
STEVEN M. WOLOCK (P38497)
HARVEY R. HELLER (P27351)
Attorneys for Defendants
28400 Northwestern Highway, Third Floor
Southfield, Michigan 48034
Phone: (248) 354-4030
Fax: (248) 369-6147
Email: swolock@maddinhauser.com
       hheller@maddinhauser.com

## ACKNOWLEDGEMENT REGARDING CONFIDENTIAL MATERIALS

    I, _____, have read and understood the Stipulated Protective Order entered by the Court in this case on _____, 2012 and agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of that Order.

Date: _____                              _____

## EXHIBIT A