UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.

       Plaintiff,

v

ARNOLD S. WEINTRAUB, ESQ., and
THE WEINTRAUB GROUP, P.L.C.,

       Defendants.

Case No. 2:11-cv-13272-RHC-LJM
Honorable Judge Robert H. Cleland
Magistrate Judge Laurie J. Michelson

| | |
|---|---|
| Blaske & Blaske, P.L.C.<br>Thomas H. Blaske (P26760)<br>John F. Turck IV (P67670)<br>Attorneys for Plaintiff<br>500 South Main Street<br>Ann Arbor, MI 48104<br>Phone:  (734) 747-7055<br>Fax:     (734) 747-8932<br>Emails: thb@blaske.com<br>          jt4@blaske.com | MADDIN, HAUSER, WARTELL,<br>  ROTH & HELLER, P.C.<br>STEVEN M. WOLOCK (P38497)<br>HARVEY R. HELLER (P27351)<br>Attorneys for Defendants<br>28400 Northwestern Highway, Third Floor<br>Southfield, Michigan 48034<br>Phone: (248) 354-4030<br>Fax:     (248) 369-6147<br>Email:  swolock@maddinhauser.com<br>         hheller@maddinhauser.com |

### AMENDMENT TO STIPULATED PROTECTIVE ORDER

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the stipulation of the parties set forth below in paragraphs 1 through 5, with good cause having been shown, the Court hereby orders that the May 3, 2012 Stipulated Protective Order entered in this case is amended as set forth below:

     1.     Defendant Geologic Computer Systems, Inc. ("Geologic") is currently a plaintiff in *GeoLogic Computer Systems, Inc. v John D. Maclean, et al*, Case No. 2:10-cv-13569, a case pending in the United States District Court for the Eastern District of Michigan (the Maclean case"), in which the parties agreed to, and the Court entered, a protective order.

2. The protective order entered in the Maclean case categorized certain documents as "Highly Confidential Material" and provided for more limited disclosure of such documents than documents marked "Confidential Material" under the May 3, 2012 Protective Order.

3. On April 13, 2012, the Weintraub defendants in this case served a subpoena on Brian Rolfe, as counsel for Geologic in the Maclean case seeking, *inter alia,* all documents received in discovery by Geologic from the defendants in the Maclean case.

4. On February 27, 2012, the Weintraub defendants served John Maclean with a subpoena duces tecum, which sought a limited number of documents related to the product and to certain sales of the product at issue in both this case and the Maclean case. The Maclean deposition was adjourned to May 14, 2012.

5. On April 27, 2012, Kemp Klein objected to the Weintraub defendants' subpoena to the extent it sought documents received in discovery by Geologic from the Maclean case defendants on the grounds that such documents had been produced pursuant to an agreement between Geologic and the Maclean case defendants to keep the documents confidential in accordance with the terms of the protective order in the Maclean case.

6. The Maclean case defendants have indicated that will consent to the release of such documents if the May 3, 2012 Stipulated Protective Order is amended as follows:

IT IS ORDERED THAT the May 3, 2012 Protective Order is amended to provide that access to any documents that are marked "Highly Confidential Material" and that are produced by the Kemp Klein Law Firm in response to the Weintraub subpoena to Brian Rolfe dated April 13, 2012, or otherwise produced by Kemp Klein and/or the defendants in the Maclean case is restricted to the following authorized persons:

(a) Attorneys of record (including attorneys designated in court papers as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b)     Employees of outside vendors acting under the direction of the attorneys of record and providing translation, interpreting, copy services, or other document management services, jury research and/or analysis, and/or exhibit preparation services in connection with this litigation, provided that such employees of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business; and further provided such person executes the Acknowledgement Regarding Confidential Materials attached to the May 3, 2012 Protective Order prior to the disclosure to him or her of any Highly Confidential Material.

(c)     Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent technical experts, economists, accountants, expert witnesses and other consultants, and the necessarily involved employees of such persons) (collectively referred to as "independent experts"), provided such person executes the Acknowledgement Regarding Confidential Materials attached to the May 3, 2012 Protective Order prior to the disclosure to him or her of any Highly Confidential Material.

(d)     This Court, the Court's employees, and the jury in this litigation;

(e)     Court reporters transcribing testimony taken in this action, videographers of such testimony, and notarizing officers;

(f)     Any mediator, facilitator and/or arbitrator selected by the parties or under applicable court rules; and

(hg     As to any document designated as containing Highly Confidential Material, the person who generated the material, authored the document, received the document, or is believed to have been involved in the events reflected in the document is an authorized person with respect to that document including in the context of deposition testimony, interrogatories addressed to that party, or trial preparation.

T IS FURTHER ORDERED that paragraph 11 of the May 3, 2012 Protective Order is replaced with the following: Any party may challenge at any time the propriety of a designation of material as Confidential Material, Highly Confidential Material or Attorneys Eyes Only Confidential. If a receiving party disagrees with a designation given to a particular document by the party that originally produced it (e.g., the designation given to documents produced to GeoLogic by any of the defendants in the Maclean case, and subsequently produced by Kemp

3

Klein to the Weintraub defendants pursuant to subpoena), the receiving party shall notify the "designating party" of the objection(s) in writing. In response, the designating party shall provide the receiving party with a written statement of the factual grounds for the designation. If the parties are unable to resolve their dispute informally within 7 days of the written notice by the receiving party, the receiving party may seek relief from the Court, with the burden on the designating party to establish the appropriateness of its designation. While such motion is pending, all disputed material shall be treated according to the designation given by the designating party unless and until the Court orders otherwise. Before seeking relief from the court, the parties shall attempt to resolve the dispute in good faith on an informal basis. Nothing in this Protective Order constitutes a finding or admission that any material designated as Confidential Material, Highly Confidential Material or Attorney Eyes Only Confidential is in fact entitled to said designation.

    IT IS FURTHER ORDERED that any documents that are marked Highly Confidential shall otherwise be treated in the same manner as Confidential Materials are treated in the May 3, 2012 Protective Order.

    IT IS FURTHER ORDERED that any source code, compiled code, and/or executable code that is produced by any of the Maclean defendants to Geologic in the Maclean case after May 7, 2012, shall not be produced to the Weintraub defendants, provided, however, that this prohibition shall be without prejudice to any effort by the Weintraub defendants to seek to subpoena such documents directly from the Maclean defendants should they determine such discovery to be necessary.

Date:  5/11/2012                                                              s/Robert H. Cleland
                                                                              Honorable Robert H. Cleland

**I STIPULATE TO THE ENTRY OF THE ORDER
SET FORTH ABOVE:**

| | |
|---|---|
| Blaske & Blaske, P.L.C. | MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. |
| By: /S/ John F. Turck IV (P67670)<br>Attorneys for Plaintiff<br>500 South Main Street<br>Ann Arbor, MI 48104<br>Phone:  (734) 747-7055<br>Fax:     (734) 747-8932<br>Emails: thb@blaske.com<br>            jt4@blaske.com | By:  /S/ Steven M. Wolock (P38497)<br>Attorneys for Defendants<br>28400 Northwestern Highway, Third Floor<br>Southfield, Michigan 48034<br>Phone:  (248) 354-4030<br>Fax:      (248) 369-6147<br>Email:  swolock@maddinhauser.com |
| Dated:  May 11, 2012 | Dated:  May 11, 2012 |

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEOLOGIC COMPUTER SYSTEMS, INC.

       Plaintiff,

                              Case No. 2:11-cv-13272-RHC-LJM
v                               Honorable Judge Robert H. Cleland
                              Magistrate Judge Laurie J. Michelson

ARNOLD S. WEINTRAUB, ESQ., and
THE WEINTRAUB GROUP, P.L.C.,

       Defendants.

---

| | |
|---|---|
| Blaske & Blaske, P.L.C. | MADDIN, HAUSER, WARTELL, |
| Thomas H. Blaske (P26760) |   ROTH & HELLER, P.C. |
| John F. Turck IV (P67670) | STEVEN M. WOLOCK (P38497) |
| Attorneys for Plaintiff | HARVEY R. HELLER (P27351) |
| 500 South Main Street | Attorneys for Defendants |
| Ann Arbor, MI 48104 | 28400 Northwestern Highway, Third Floor |
| Phone: (734) 747-7055 | Southfield, Michigan 48034 |
| Fax:   (734) 747-8932 | Phone: (248) 354-4030 |
| Emails: thb@blaske.com | Fax:    (248) 369-6147 |
|         jt4@blaske.com | Email: swolock@maddinhauser.com |
| |          hheller@maddinhauser.com |

---

## **ACKNOWLEDGEMENT REGARDING CONFIDENTIAL MATERIALS**

      I, _____, have read and understood the Stipulated Protective Order entered by the Court in this case on _____, 2012 and agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of that Order.

Date: _____                                                      _____

## **EXHIBIT A**